IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID P. OLSLUND, SR. | * | |
| Appellant, | * | |
| v. | * | Civil No. RDB-11-2800 |
| JOSEPH J. BELLINGER, et al. | * | Bankruptcy No. 11-12646 |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Presently pending before this Court is the Appellee's Motion to Dismiss Appeal (ECF#4) on the grounds that the *Pro Se* Appellant failed to timely file the Notice of Appeal of an Order of the United States Bankruptcy Court for this District, and failed to timely file the designation of record and issues upon appeal.

**BACKGROUND**

The Appellant David P. Olslund, Sr., a licensed attorney, filed a *Pro Se* Petition for Relief under Chapter 7 of the United States Bankruptcy Code on February 11, 2011. The Appellee Joseph J. Bellinger was appointed Trustee. At the time of the filing in bankruptcy the Appellant and Mary Olslund owned, as tenants in common, real property in Severn, Maryland, which constituted property of the bankruptcy estate pursuant to 11 U.S.C. §541(a). The Trustee ultimately filed a Notice of Intent to Sell that interest in property to Mary Olslund for $10,000. The Appellant filed an objection to the proposed sale and the Bankruptcy Court held a hearing on the proposed sale and Appellant's objection on August 12, 2011. The Bankruptcy Court overruled the objection to sale at the conclusion of the hearing. On August 26, 2011 the Court entered an order overruling objection of the Appellant to Trustee's Notice of Intent to Sell the

interest in the subject property.  On August 31, 2011 the Trustee delivered the deed to the buyer Mary Olslund.

On September 13, 2011, 18 days following the entry of the order, the Appellant filed a Notice of Appeal with the Bankruptcy Court.  The Appellant did not seek a Stay Pending Appeal as required by Rule 8005 of the Bankruptcy Rules.  Then, 33 days after filing the notice of appeal, the Appellant filed the Designation of the Record and Statement of Issues, with the Bankruptcy Court.

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure.  On appeal from the Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*.  *In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001).  A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

The Appellant clearly did not timely file a Notice of Appeal.  Rule 8002(a) of Federal Rules of Bankruptcy Procedure states that such a notice must be filed within 14 days of the entry of the order being appealed.  This is a jurisdictional requirement.  Failure to comply with this requirement results in the dismissal of an appeal.  *See Ballard v. Tamojira, Inc.*, 106 F.3d 389 (4th Cir. 1997).  This Court has consistently enforced this rule.  *See Hallock v. Key Federal*

*Savings Bank*, 169 B.R. 349 (D. Md. 1994). Quite simply, the Appellant was required to file notice of appeal by September 9, 2011 and did not do so until September 13, 2011.

Furthermore, the Appellant did not timely file the Designation of Record and Issues on Appeal. Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Appellant was required to file this designation within 14 days of the filing of the Notice of Appeal, i.e. by September 27, 2011. In fact, the designation was not filed until October 17, 2011.

In addition, as a result of the Appellant's failure to obtain a stay from the Bankruptcy Court, that Court authorized the transfer of the deed of subject property pursuant to the $10,000 sale. Accordingly, this appeal is MOOT pursuant to 11 U.S.C.§363(m). *See Barker v. Stearns*, 181 F.3d 86 (4th Cir. 1999).

Accordingly, IT IS HEREBY ORDERED this 25th day of January, 2012, that the Bankruptcy Court's Order Overriding Objection of the Debtor to Trustee's Notice of Intent to Sell Estate's Interests in Certain Real Property Dated August 26, 2011, in Case No. 11-12646-JS (DC 41) is AFFIRMED;

IT IS FURTHER HEREBY ORDERED that the Motion to Dismiss Appeal (ECF#4) is GRANTED;

AND IT IS FURTHER ORDERED that the Clerk of the Court CLOSE THIS CASE.

/s/
Richard D. Bennett
United States District Judge